**476**  PEOPLES TRUST CO. *v.* SCHULTZ NOVELTY & SPORTING G. CO.

Second Department, April, 1926.            [Vol. 216

THE PEOPLES TRUST COMPANY, Respondent, *v.* SCHULTZ NOVELTY
& SPORTING GOODS CO., INC., Appellant.

Second Department, April 30, 1926.

**Landlord and tenant — action to recover on agreement by defendant to pay plaintiff's assignors $300 per month to prevent competition in premises adjoining defendant's place of business which were then under lease to plaintiff's assignors — answer denied performance — lease was acquired by third party on bankruptcy of plaintiff's assignors — defendant subsequently acquired fee — defense that sublease to person who violated agreement was given in violation of original lease requiring consent of landlord can be raised only by answer — defendant's general denial raised question whether assignors of lease violated agreement — evidence showed business of sublessee constituted violation — complaint should have been dismissed.**

In an action to recover on a contract entered into between the plaintiff's assignors who then held a lease of premises at 120 Nassau street in the city of New York and the defendant who then occupied adjoining premises, whereby in consideration of $300 per month to be paid by the defendant to plaintiff's assignors, said assignors would not, during the term of their lease, let any portion of the premises to any person for any business of the same or of a nature similar to that conducted by the defendant, in which defendant interposed an answer containing a denial of performance of the agreement by the plaintiff, the defendant who subsequently acquired the fee of 120 Nassau street does not have the right to raise the question that a person who acquired the lease upon the bankruptcy of plaintiff's assignors, had sublet a portion of the building to another without the consent of the landlord, as required by the original lease, for that question could only be raised upon affirmative allegations contained in the answer.

However, since it clearly appears from plaintiff's own case that the tenants holding under the sublease are conducting a business of the same or of a nature similar to that conducted by the defendant, and since the burden is upon the plaintiff under the general denial to establish that the agreement has been faithfully performed, the court should have dismissed the complaint.

The case having been submitted to the jury, it must be held that the verdict of the jury in favor of the plaintiff is contrary to the evidence which shows a clear violation of the agreement.

APPEAL by the defendant, Schultz Novelty & Sporting Goods Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of April, 1925, upon the verdict of a jury.

This action was brought to recover damages for alleged breach of contract on the part of the defendant to pay $300 per month for freedom from competition in its business on adjoining premises.

*David Paine* [*Edward G. MacArthur* and *Walter A. Mulvihill* with him on the brief], for the appellant.

*Conrad Saxe Keyes*, for the respondent.

KELLY, P. J.   By agreement dated November 12, 1921, Miller Brothers, lessee of premises 120 Nassau street, Manhattan, party of the first part, agreed with the defendant Schultz Company, "engaged in the business of toys, sporting goods and kindred articles," lessee of the adjoining premises, 122 Nassau street, party of the second part, that during the term of Miller Brothers' lease, "which continues to on or about 1928," Miller Brothers "will not let any portion of the premises, No. 120 Nassau Street, to any person whomsoever, for the use of any business of the same or similar nature as that conducted by the party of the second part." In consideration of which the Schultz Company agreed to pay Miller Brothers the sum of $300 per month in advance on the first day of each and every month.

The action was commenced August 15, 1923. The Peoples Trust Company sues as assignee of the rights of Miller Brothers under the agreement referred to. The complaint alleges the agreement and that by an instrument in writing dated January 27, 1922, Miller Brothers duly assigned to the plaintiff all moneys due or to become due under the agreement; that the defendant was duly notified of the assignment; that all the terms of the agreement of November 12, 1921, to be performed by Miller Brothers have been duly performed and that the agreement is still in full force and effect. It alleges default in payment of the monthly $300 from September 1, 1922, to and including August 1, 1923 (the action was commenced August 15, 1923), a period of twelve months, aggregating $3,600, and demands judgment for that sum, with appropriate interest allowance.

The agreement between the parties being dated November 12, 1921, it would appear that the Schultz Company paid the $300 a month down to and including the month of August, 1923.

The answer denies performance of the agreement by plaintiff. The defendant contends that the evidence showed a breach of the agreement that no competing business should be allowed in the adjoining premises, 120 Nassau street.

On August 18, 1922, one Hirschberg, who then owned the Miller lease of premises 120 Nassau street (expiring by its terms and renewal privilege in 1928), leased the premises to a firm known as Silver & Herman without the landlord's consent, contrary to the express provisions of the original lease. This sublease was of the store and basement of 120 Nassau street to Silver & Herman for the balance of the term expiring in 1928. The defendant Schultz Company, which had in the meantime acquired the fee of 120 Nassau street subject to the Miller lease, claimed that the subletting was without the consent of the landlord and served

a notice on Hirschberg, dated September 7, 1922, terminating the lease, and notified Hirschberg to vacate the premises, or that summary proceedings would be instituted against him. It was Hirschberg's subtenants who, it is charged, competed with the Schultz Company. The evidence shows that summary proceedings were instituted to dispossess Hirschberg and his subtenants, but on the trial of such proceedings in the Municipal Court there was a disagreement of the jury and the proceedings had not been disposed of at the date of the trial of the action at bar. Therefore, Hirschberg or his subtenants were in possession of the store 120 Nassau street during the entire period, September 1, 1922, to August 1, 1923, and they were in possession at the date of the trial of the case at bar in April, 1925. The learned trial justice held that for the purposes of the agreement against competition mentioned in the complaint, the lease of the store and basement of 120 Nassau street was still in force. He said: " As Silver & Herman are still there paying rent which must ultimately accrue to your [defendant's] benefit, you are not in a position to now raise the question, which is really collateral to this action, that there has been a failure on the part of Hirschberg who leased to Silver & Herman, the present tenant, to get the consent of the landlord to the lease." And he held that if Miller Brothers or the Peoples Trust Company as their assignee still lived up to that agreement, they were entitled to collect the $300 per month.

I am inclined to think the learned trial justice was right, although the result is somewhat anomalous. The Schultz Company, now the owner of 120 Nassau street, is paying the tenant $300 a month on the agreement that he will not compete with it in its business at 122 Nassau street, although it asserts that the present tenant of its building 120 Nassau street is openly competing with it. And it asserts that the sublease to this competing concern, Silver & Herman, was made without its consent in violation of the express terms of the lease.

The plaintiff argues that this is a matter for affirmative defense, and I must say that I do not see how the defendant can raise the point under a general denial. The plaintiff argues that the agreement to pay $300 per month is to run for the term of the lease, and that as long as the lease continues in operation " as a practical matter," the duty to pay the $300 per month continues. Respondent says that the subletting does not necessarily terminate the lease, that the right of the landlord to terminate the lease by reason of the subletting is an independent question, which, as appears by the evidence, is still in litigation and undecided. The subtenant is still in possession and as a practical matter the lease still continues.

The other point made by defendant, appellant, is more serious, viz., that the business conducted by Silver & Herman under the sublease to them by Robert Hirschberg, dated August 18, 1922, is a violation of the covenant in the agreement which is the basis of the plaintiff's claim in this action, viz., that the premises No. 120 Nassau street shall not be used for a business " of the same or. similar nature as that conducted by the party of the second part " (*i. e.*, defendant). If Silver & Herman did conduct such competing business, then defendant's obligation to pay the $300 per month ceased. And the period sued for in this action is the period after Silver & Herman entered into possession of the store and basement of 120 Nassau street as subtenants under Hirschberg.

I take it that, as to this proposition, the defendant could rest on its general denial. The complaint alleges due performance of the agreement preventing competition, and the allegation is denied in the answer. The burden was on the plaintiff to prove that the premises or any portion thereof have not been let " to any person whomsoever, for the use of any business of the same or similar nature as that conducted by the party of the second part " (*i. e.*, Schultz Company, defendant). And the business of defendant is expressly described in the agreement, " toys, sporting goods and kindred articles." The agreement recites that the Schultz Company has requested that no portion of the premises 120 Nassau street shall be let for such purposes, and that the landlords, Miller Brothers (plaintiff's assignors), have agreed " to abstain from letting any part of the premises, No. 120 Nassau street, for the same or similar business as that conducted by the party of the second part."

At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground, *inter alia*, that plaintiff had failed to show that the premises had not been leased to a tenant who sold goods that were similar to those sold by defendant, and because plaintiff had failed to show performance of the contract. The motion was denied over defendant's exception. The defendant renewed the motion to dismiss on this ground at the end of the case, and it was again denied over defendant's exception.

The learned trial justice said that he was going to submit the question to the jury whether or not Silver & Herman were selling the same sort of goods as defendant. He told the jury that there was no dispute that Silver & Herman sold certain articles which were also sold by the Schultz Company. He said: " There is an overlapping," and, exhorting the jury to use their experience and common sense, he said: " If this agreement has been breached because a tenant has been in possession of these premises who sold goods similar to those sold by the Schultz Sporting Goods Company,

then this defendant is entitled to a recovery." He went on to say: "If the goods which the present tenants sell there now and have been selling are not such goods in a general way as have been and are now being sold by the Schultz Company, then this agreement has not been breached, and the assignee, the Peoples Trust Company, is entitled to a recovery. Gentlemen, you understand this. I am going to let you take this agreement with you. I have marked the part which is in question. And upon the testimony here, using your good judgment and your experience, say whether or not there has been a breach of this covenant in that agreement. If there has been none, then the plaintiff is entitled to your verdict, and the amount of the verdict is not in question. Of course, if you say the verdict is for the plaintiff we shall understand that is for $3,600, the amount sued for; and if it is for the defendant, of course, the amount is nothing, the plaintiff gets nothing."

There is nothing in the agreement about " a general way; " the covenant is that the premises shall not be let to any person " for the use of any business of the same or similar nature as that conducted by the party of the second part."

The jury found a verdict for the plaintiff for the full amount sued for, $300 per month for the twelve months from September 1, 1922, to and including August; 1923. And of course I presume the judgment is *res adjudicata* and will hold the defendant during the term of the lease down to 1928 unless defendant succeeds in ousting Mr. Hirschberg and his subtenants, Silver & Herman, for failure to obtain the consent of the landlord to the subletting.

The defendant argues that the learned trial justice erred in refusing to dismiss the complaint, because it appeared as matter of law that the agreement was breached, and I assume that the question whether the verdict of the jury was contrary to the evidence is before us under defendant's exception to the denial of the motion to set aside the verdict.

. In my opinion the evidence shows that Silver & Herman, from the date of the entry on the premises, began to compete with defendant, their next door neighbor. The plain intent of the agreement sued upon was to prevent this competition. I think this is shown by the evidence of plaintiff's witness Silver, the only witness called by plaintiff to show performance. I think the complaint should have been dismissed at the close of plaintiff's case. And at the end of the entire case, after hearing the evidence of defendant Schultz in addition to plaintiff's witness Silver, I think defendant was entitled to a dismissal of the complaint.

The evidence in the record and the photographs submitted showing the two store fronts show that the agreement which is

the basis of the plaintiff's action has been and is violated by the subtenants Silver & Herman. Aside from the glaring competition in the sale of " bathing suits," which the uncontradicted evidence shows have been sold by the Schultz Company for many years, amounting to $10,000 during the summer season, Mr. Silver testifies on cross-examination that he sells bathing belts, bathing bags, athletic jerseys, camping outfits, khaki trousers, sweaters and golf sweaters, to the amount of $5,000 to $6,000 per year. The Schultz Company has always sold these identical articles.

What did the defendant Schultz Company agree to pay $300 per month for? It seems to me it was to prevent this very thing. There is nothing indefinite about the agreement or the intention of the parties. There appears to have been no trouble about compliance with the agreement until Miller Brothers, the original contracting parties, became involved in financial troubles, and out of the wreck of the bankruptcy proceedings Mr. Hirschberg secured possession of their lease. He sublet to Messrs. Silver & Herman, who saw a profitable field for open competition with an established business next door. Laying aside for the moment the evidence of Schultz, defendant's president, take Mr. Silver's evidence. He is called by the plaintiff. He is in the business of " Gents' furnishing." He comes next door to the Schultz Company on the restricted premises, and at once begins to compete with it. He says he sells bathing suits " since we got in there," bathing belts, athletic or gymnasium shirts, camping outfits, khaki trousers, jock strops and sport shirts and golf sweaters. He says he has always sold these articles in his business in a chain of stores, and now 120 Nassau street is his main store. There is nothing wrong in Mr. Silver's selling these articles even if they may be somewhat unusual in a " Gents' furnishing " store. That is not the objection which is that there is an outstanding agreement that these articles shall not be sold at 120 Nassau street, and defendant Schultz Company is giving up $300 per month solely to obtain the advantage of that restriction. The agreement is that 120 Nassau street shall not be used " for the same or similar business " as that carried on by the Schultz Company at 122. I do not think there is any doubt that each and every of the articles mentioned comes within the classification of " sporting goods and kindred articles." The competition in bathing suits is conceded by Mr. Silver and is obvious upon examination of the photographs.

Mr. Silver says that he sells about $150,000 worth of goods per year at 120 Nassau street. Of this grand total, $5,000 or $6,000 " at the most " represents the articles sold by the Schultz Company.

31

The "sporting goods" is the Schultz Company's main line. Bathing suits are the largest single item of any line carried by it. Its sales of bathing suits during the period covered by plaintiff's recovery amounted to about $10,000; sweaters $4,000; jock strops $700. But be it much or little, it seems to me that, on the evidence here, it was apparent that after Silver & Herman's entrance on the scene, August 18, 1922, there was failure of performance on the part of plaintiff. It was to prevent this very thing that the Schultz Company agreed to pay $300 per month. I think as matter of law it was entitled to a dismissal of the complaint.

The learned trial justice left it to the jury to say whether there was a breach of the agreement. In my opinion he should have decided it himself. So passing the other legal points in the case, viz., whether failure to obtain the consent of the landlord to the lease to Silver as expressly provided in the lease and the tenant's alleged failure to allow to the Schultz Company as landlord the rent received from Silver & Herman for the cellar or basement — passing these questions because I am inclined to think the defendant should have set up these matters as an affirmative defense — and taking simply the failure on plaintiff's part to show performance of the agreement, I think the complaint should have been dismissed as matter of law. (*Waldorf-Astoria Segar Co.* v. *Salomon,* 109 App. Div. 65; affd., on opinion below, 184 N. Y. 584; *Fitz* v. *Iles,* 62 L. J. Ch. [1892] 258.) I am also of opinion that the verdict of the jury was contrary to the evidence.

I recommend: Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.

Rich, Manning, Young and Lazansky, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs.